McFADDEN *v.* HURON VALLEY BUILDING & SAVINGS ASSN.

1. MORTGAGES—DEED WITH OPTION TO REPURCHASE—EVIDENCE.

    In suit to have deed and contemporaneous option to grantor to repurchase within year declared a mortgage, plaintiff's evidence *held,* lacking necessary character and weight to impeach effect of written instruments.

2. SAME—DEED WITH OPTION TO REPURCHASE ABSOLUTE.

    Deed with option to grantor to repurchase within year, *held,* absolute after expiration of one year without exercise of option, where purchase price was full value, or the asking price, purchaser took possession without objection by grantor, and there was no obligation on grantor to repay consideration.

Appeal from Washtenaw; Sample (George W.), J. Submitted November 17, 1931. (Docket No. 107, Calendar No. 35,753.) Decided December 8, 1931.

Bill by James W. McFadden against Huron Valley Building & Savings Association, a Michigan corporation, to declare a deed and option a mortgage. Bill dismissed. Plaintiff appeals. Affirmed.

*Carl H. Stuhrberg,* for plaintiff.

*Arthur Brown* and *Frank B. DeVine,* for defendant.

FEAD, J. This is a bill with prayer to set aside a deed but, in effect, to declare the deed and a contemporaneous option a mortgage.

Roy McInturff was record owner of four parcels of land, upon which he and his brother Ira were building two-family dwellings. Each lot was mortgaged to defendant for $6,000 for construction loans. Ira transacted all business for the brothers and claimed to own the premises and to hold title in Roy

for domestic reasons.  In August, 1929, Ira got in trouble and in jail.  He needed money to get out of jail.  He had a deal in prospect to sell the equity in the lots for $2,500, the price he was asking for it. His attorney investigated defendant's claims against the property, got in touch with defendant's attorney, and, in discussions between them and also with Ira, the deal was made which culminated in the instruments at bar.  Roy seems to have had little, if anything, to do with the transaction, except to execute the papers, although he testified he negotiated the deal and understood it was a loan with security.

On August 3d, Roy executed to defendant a quitclaim deed of the four parcels.  Defendant paid him $2,500.  Both executed an option agreement, reciting that defendant had purchased the land, Roy was desirous of repurchasing it within one year, and defendant was willing to give him an option to purchase; providing that the consideration was that Roy would complete the buildings; and agreeing that defendant would sell or convey to him the property or any part of it within one year, on condition that he pay all money already advanced by defendant and future advances, if any, to complete the buildings, each parcel to be separately subject to purchase. Defendant did not agree to make any future advances and Roy did not agree to purchase.

Shortly thereafter, defendant took possession of the premises and collected the rents.  It carried the items as real estate, not mortgages, on its books. No claim was made to it before suit that the transaction was a mortgage.

In February, 1930, Roy conveyed the premises to plaintiff by warranty deed.  Plaintiff tried to sell the property.  His testimony of conversations with defendant, looking to his selling, indicated that defendant claimed to be the owner.

The evidence has not the character and weight necessary to impeach the effect of written instruments. *Rubenstine* v. *Powers,* 215 Mich. 434; *McLaughlin* v. *Majestic Development Corporation,* 247 Mich. 498; *Sauer* v. *Fischer,* 247 Mich. 283. The oral testimony of the negotiations preponderated in favor of defendant; and the absolute nature of the conveyance, with option back, is emphasized by:

(a)   So far as the record shows, defendant paid full value, at least it paid the price at which the owner was willing to sell to others.

(b)   Defendant took possession of the property and acted as owner, without claim to the contrary by the grantor.

(c)   The grantor had no obligation to repay the consideration. He had full option to take the property or relinquish it during the year.

Decree dismissing the bill and declaring void the warranty deed to plaintiff affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.